*1291 OPINION.
Love:
The petitioner asserts that it sustained a loss during 1924 in the transaction by which it purchased certain of the assets and assumed the liabilities of the Houma Bank. When the petitioner decided to make that purchase, liabilities of the Houma Bank amounted to $244,270.92 and the value of such of its assets as the petitioner acquired was determined by a joint committee of officials of the two institutions to be $200,144.44. Liabilities therefore exceeded such assets by the amount of $44,126.31, which amount is referred to as a “ deficit.”
*1292 The Houma Bank covered this deficit to the amount of $24,126.51 by a note, secured by special mortgage on its real estate, ’and the pledge of certain stock and such notes and credits as it retained. It appears that contributions of certain New Orleans business firms, and personal notes of officials of the Houma Bank were applied on the note given the petitioner.
The remainder of the deficit, amounting to $20,000, was covered by the petitioner’s payment of that amount to the Houma Bank and its immediate application to the reduction of the liabilities of that company. In effect, therefore, the petitioner acquired assets in the amount of $224,210.92, assumed an equal amount of liabilities, and in addition paid $20,000 in cash.
The petitioner asserts that the $20,000 paid by it represented the purchase price of “ good will ” of the Houma Bank. It is further asserted that the Houma Bank had no “ good will ” in fact, and, therefore, that the petitioner received nothing for the said payment. The petitioner accordingly claims that the payment constituted a loss in the year in which it was made. Due to adjustments in the liabilities assumed, the amount of the alleged loss has been reduced to $17,650.33, and it is this amount that the petitioner now claims as a deduction.
The respondent’s denial of the deduction involved is predicated upon the theory that the purchase of the “ good will ” as specified in the contract of June 9, 1924, was a capital transaction upon which no deductible loss can occur until the asset mentioned is disposed of by the petitioner.
We have found from testimony of the petitioner’s witnesses, and admissions of its counsel, that the accounts and deposits constituted valuable income-producing assets. The number of these accounts does not appear, but it has been shown that checking accounts, time certificates of deposit, and savings deposits amounted to $172,501.08, $12,383.25, and $57,661.98, respectively, a total of $242,-546.31. It also appears that the petitioner was able to hold most of the accounts acquired. The Board has heretofore held that acquisition of a line of deposits is of value to a bank. Merchants National Bank, 6 B. T. A. 1167. Payments made to acquire accounts and deposits are capital expenditures. Union National Bank, 18 B. T. A. 468. See also First National Bank of St. Louis, 3 B. T. A. 807.
Considering this, it will seem that the petitioner can not properly allocate the net amount paid or assumed in excess of the value of the assets received wholly to good will and then be allowed to deduct that amount as a loss because the good will was valueless. The accounts and deposits admittedly were of value, but there has been no attempt to establish the amount of their value. Without expressing an opinion as to the merit of the petitioner’s theory of a loss sus *1293 tained upon its purchase of the good will of the Houma Bank, we hold that the purchase of June 9, 1924, was a capital transaction in which the petitioner acquired a valuable line of accounts and deposits and that upon the record it does not appear that the petitioner sustained any loss during the year 1924 by reason of that purchase.

Judgment will he entered for the respondent.